

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 12, 2022

**BY EMAIL**

The Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, New York 10007
netburn_nysdchambers@nysd.uscourts.gov

      Re:    ***In Re Non-Disclosure Orders to Electronic Communication Service Providers and Remote Computing Service Providers in Criminal Investigation Assigned USAO No. 2020R01153*, 22 Mag. 2364 (SN)**

Dear Judge Netburn:

      The Government respectfully submits this letter in response to the letter motion filed by Project Veritas and James E. O'Keefe, III (the "Movants") on May 4, 2022 (the "Motion" or "Mot."). The Movants have failed to establish either that the Court's prior order was unclear or that, despite its clear terms, the service providers on whom the order was served have somehow misread the Court's order in a manner requiring judicial intervention. Accordingly, the motion should be denied.[1]

      **I.**    **Factual Background**

      Prior to March 9, 2022, as part of an ongoing grand jury investigation assigned U.S. Attorney's Office ("USAO") number 2020R01153 (the "Investigation"), magistrate judges in this District issued non-disclosure orders pursuant to 18 U.S.C. § 2705(b) in connection with certain legal process (the "Non-Disclosure Orders"). The Non-Disclosure Orders each contained the standard non-disclosure provision used in this District, prohibiting service providers, for a fixed period of time, from "disclos[ing] the existence of [the legal process and non-disclosure order] to the listed subscriber of the account referenced [in the legal process], or to any other person, except that the Provider may disclose [the legal process and non-disclosure order] to an attorney for the Provider for the purposes of receiving legal advice." (*E.g.*, Dkt. No. 64-1 at 2 (order dated Nov. 19, 2021); *id*. at 4 (order dated Nov. 23, 2020); *id*. at 7-8 (order dated Nov. 24, 2020); *id*. at 11 (order

---

[1] The Government has no objection to the unsealing of case number 22 Mag. 2364 or to the public filing of the Motion and the Government's response.

dated Jan. 14, 2021); *id*. at 16-17 (order dated Jan. 26, 2021); *id*. at 22 (order dated Mar. 5, 2021); *id*. at 27-28 (order dated Mar. 9, 2021); *id*. at 31 (order dated Apr. 9, 2021).[2])

On March 9, 2022, the Government applied to this Court for an order ending the period of non-disclosure for the Non-Disclosure Orders. (Mot. Ex. B.) On March 10, 2022, the Court granted the Government's application and issued the following order (the "Order"):

> The electronic communications service and/or remote computing service providers to whom non-disclosure orders bearing U.S. Attorney's Office ("USAO") number 2020R01153 (the "NDOs") were issued pursuant to 18 U.S.C. § 2705(b) in connection with the above-referenced investigation [*i.e.*, the "Criminal Investigation Assigned USAO No. 2020R01153"] may, as of the date of this Order, disclose the existence of the NDOs and the legal process that was attached thereto to any other person, to the extent the period of non-disclosure under the NDOs has not already lapsed.

(Ex. 1.) The Government received the Order from the Court on March 11, 2022. Thereafter, the Government served the Order on the service providers that had been served with the Non-Disclosure Orders in connection with the Investigation that had not already lapsed.

## II. Discussion

The Movants raise a number of arguments and legal issues in the Motion. The Court need not address or decide any of them except for the sole question before the Court: whether the Movants have established that the Order requires amendment. The Movants have failed to do so. As explained below, there is no defect in the Order, and the Movants have not shown that any service provider has misunderstood its meaning such that clarification by the Court would be required.[3]

### A. The Order Is Not Defective

The Movants claim that the Government engaged in a "manipulative" effort to "mislead at least some providers to believe they could only provide [the Movants] with limited information." (Mot. 7.) This claim is false. The Order issued by this Court used language almost identical to the Non-Disclosure Orders it terminated. Specifically, the Non-Disclosure Orders each prohibited the service provider from "disclos[ing] the existence of [the legal process and non-disclosure

---

[2] References to "Dkt. No." refer to documents filed in *In re Search Warrant dated Nov. 5, 2021*, No. 21 Misc. 813 (AT).

[3] The Motion contains a number of unsworn assertions regarding the Investigation and the underlying facts, many of which are false or inaccurate, and for which no evidence is provided. To the extent the Court has specific factual questions, the Government is prepared to provide additional information to the Court on an *ex parte* basis, including the affidavits that formed the basis for the search warrants referenced in the Motion.

order] to the listed subscriber of the account referenced [in the legal process], or to any other person." The Order similarly stated that the service providers "may, as of the date of this Order, *disclose the existence of the NDOs and the legal process that was attached thereto to any other person*, to the extent the period of non-disclosure under the NDOs has not already lapsed." (Ex. 1 (emphasis added).) In essence, the Non-Disclosure Orders prohibited disclosure of the legal process and the Non-Disclosure Orders to the subscriber or any other person, while the Order eliminated any such limitation. The Order is therefore direct, clear, and specific. It is plain that the Order leaves no limitation from the Non-Disclosure Orders in place and that it does not place any additional limitation on a service provider's ability to "freely communicate" (Mot. 7) with the Movants, if the service provider chooses to do so. Put simply, there is no defect in the Order to correct.

### B. The Movants Have Not Demonstrated That Service Providers Have Misunderstood The Order

The Movants argue that certain service providers have "misapprehensions" about what they are permitted to "communicate" to the Movants regarding the Non-Disclosure Orders. (Mot. 7.) The written communications provided by the Movants from three service providers—Uber, Google, and Apple—do not support their assertion.

In its notification to the Movants, Uber recognized that the "court order prohibiting us from notifying you of law enforcement's request" "has now expired" and expressed its understanding, though imprecise, that the non-disclosure order "has been vacated."[4] (Mot. Ex. C at 1-2.) However, the Movants focus on Uber's Law Enforcement Response Team's statement that "we are not permitted to provide you with any information about this matter" (*id.* at 1) and its Public Safety Response Team's statement that "we cannot provide you with any additional information about this matter" (*id.* at 2). These statements do not refer to any remaining limitations in the Order or the "expired" non-disclosure order. That is, they do not state that the restrictions on their ability to share information come from the Order, as opposed to an internal policy or some other constraint. To the extent Uber is referring to the former, the Government believes that the Order and the expired Non-Disclosure Orders impose no such limitation. Thus, the communications from Uber provide no basis to revisit the terms of the Order.

Google also appears to have understood the import of the Order, as it "provided" the Movants "with the legal process sent to Google by law enforcement." (*Id.* at 3.) The Movants focus on Google's statement that it "is not able to provide any produced documents sent to law enforcement." (*Id.*) Like Uber's communication, Google's statement neither refers to the terms of the Order or to those of the terminated non-disclosure order, nor does it state that there is some type of legal limitation on Google's ability to provide such information. Rather, Google's statement similarly appears to be a reference to Google's own internal policies, technological limitations, or some other constraint. Thus, Google's communication also provides no basis to revisit the terms of the Order.

---

[4] As explained below, the Order did not "vacate" the Non-Disclosure Orders, which in many instances were component parts of search warrants, but rather provided an earlier termination date for the relevant period of non-disclosure.

Unlike the Uber and Google communications, Apple's communication does not even contain a declination of any potential request that might have been made by the Movants. It simply suggests that questions about "the legal request" can be referred to "the requesting agency." (*Id.* at 4.) There is nothing in Apple's communication referencing the Order or the terminated non-disclosure order, much less stating or implying that Apple misunderstands those orders to currently place any limitations on its communications with the Movants. Accordingly, the communications with Apple do not suggest that the Order is somehow unclear.

Finally, even assuming *arguendo* that the Order might somehow require clarification (though no clarification is needed), the Movants' proposed order is flawed. First, the Order eliminated any limitation on the service providers from the Non-Disclosure Orders. The Order specified that the service providers may now disclose the legal process or non-disclosure orders to "any person." (Ex. 1.) It is entirely unnecessary to, as the Movants suggest, specifically identify particular individuals or organizations, or categories of individuals implicated by the Order. (*See* Mot. Ex. A.) Second, the Non-Disclosure Orders were not, as the Movants suggest, "vacated." (*Id.*) Vacatur is a different legal mechanism than was employed here. Rather, the Order modified the Non-Disclosure Orders by simply ending the period of non-disclosure on March 10, 2022, for any non-disclosure order that had not yet expired. (*See* Ex. 1.) Third, the final paragraph of the proposed order, which is at minimum unnecessary for the reasons explained above, is also problematic because it contains no specific reference to any particular investigation or legal process, leaving its potential import ambiguous at best. (*See* Mot. Ex. A.)

### III.  Conclusion

For the reasons set forth above, the Motion should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:  \_\_\_/s/_____
Jacqueline Kelly
Mitzi Steiner
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-2456/2284/2616

Attachment

# EXHIBIT 1

22 MAG 2364

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re Non-Disclosure Orders to Electronic Communication Service Providers and Remote Computing Service Providers in Criminal Investigation Assigned USAO No. 2020R01153 | 22 Mag. \_\_\_\_\_<br><br>**Order Modifying<br>Non-Disclosure Orders Issued<br>Pursuant to 18 U.S.C. § 2705(b)** |

Upon the application of the United States, it is hereby ORDERED:

1. The electronic communications service and/or remote computing service providers to whom non-disclosure orders bearing U.S. Attorney's Office ("USAO") number 2020R01153 (the "NDOs") were issued pursuant to 18 U.S.C. § 2705(b) in connection with the above-referenced investigation may, as of the date of this Order, disclose the existence of the NDOs and the legal process that was attached thereto to any other person, to the extent the period of non-disclosure under the NDOs has not already lapsed.

Dated:   New York, New York
         March 10, 2022

_____
SARAH NETBURN
United States Magistrate Judge