

CALLI LAW, LLC
One Flagler Building, Suite 1100
14 Northeast 1st Avenue
Miami, Florida 33132
T. 786.504.0911
F. 786.504.0912
www.calli-law.com

May 16, 2022

**FILED VIA EMAIL**

The Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *In Re Non-Disclosure Orders to Electronic Communication Service Providers and Remote Computing Service Providers in Criminal Investigation Assigned USAO No. 2020R01153*, Case No. 22 MAG 2364 (SN).

Dear Magistrate Judge Netburn:

    Sunlight is the best disinfectant.

    Aiming to conceal the full extent of its invasions into journalists' First Amendment rights for as long as possible, and to deprive Project Veritas and its aggrieved journalists of complete access to the information necessary to expose and combat this unprecedented abuse, the government filed an unprincipled opposition solely for purposes of delay.

    As it must, the government accepts the reality that the March 10, 2022 "Order leaves no limitation from the Non-Disclosure Orders in place and . . . it does not place any additional limitation on a service provider's ability to 'freely communicate' (Mot. 7) with the Movants, if the service provider chooses to do so." (Gov't. Opp. at 3). The government nonetheless argues that this should not be made explicit for providers. Its argument serves as its confession that it drafted a deceptive order for the purpose of sowing doubt with the providers who received same, regarding the information the providers may lawfully disclose. This insidious governmental gamesmanship infects the "investigation" of a news media organization at every turn. Enough is enough.

    Providers remain confused and their confusion stymies the aggrieved journalists from addressing the full scope of the constitutional invasions in the cases pending before the Honorable Analisa Torres. *See In re Search Warrants dated November 3 and 5, 2021*, Case Nos. 21-Misc.-00813, 21-Misc.-819, and 21-Misc.-825. This Court should clarify that providers may freely communicate with Project Veritas and the aggrieved journalists, including by providing the secretly compelled materials to the account holders themselves.

## The Government Agrees the March 10, 2022 Order Lifted All Restrictions on Providers; This Court should Clarify Its Prior Order to Say So Explicitly

In the government's words, "[T]he [3/10/22] Order eliminated any limitation on the service providers from the Non-Disclosure Orders." (Gov't Opp. at 4). News media organization Project Veritas, journalist James O'Keefe, and the other aggrieved journalists agree – the gag orders are no more. Undoubtedly this Court agrees too. And yet the aggrieved journalists' sophisticated providers hold erroneous beliefs, such as, "Google is not able to provide any produced documents sent to law enforcement," and "[W]e are not permitted to provide you with any information about this matter" (Uber). *See* (Ex. C to 5/4/22 Mot. To Clarify). Apple has simply stonewalled. There is a reason.

The government offers no principled rationale against making the effect of the March 10, 2022 Order explicit for providers. It simply says this is unnecessary and suggests other reasons for providers' stonewalling. But this creates a Catch-22 – the government's speculation cannot be conclusively disproved because providers erroneously believe they cannot communicate freely with the undersigned *for the very reason that* they are confused about the terms of an order captioned as "modifying" the gag orders (even though it lifts them entirely), which the government says should not be clarified owing to its speculative alternatives. The government's "argument" is tautological.

First, in contrast to the government's unprincipled opposition to clarifying an order to explicitly say what the parties agree it means, the interests supporting clarification are of Constitutional importance. First, the aggrieved journalists' pending Rule 41(g) Petition for Return of Property is based on First Amendment and Fourth Amendment grounds (as well as statutory grounds) and the providers' confusion inhibits the undersigned's ability to place all relevant facts before Judge Torres. Critically, the government itself did not disclose to Judge Torres or the undersigned that they had secretly compelled production of journalists' communications and data directly from providers. These matters only came to light because when the government sought to extend its gag orders, Microsoft noticed that the government's abandoned diary investigation was already public and pushed back on the government's meritless request. These prosecutors only relented and agreed to lift the gag orders after Microsoft retained outside counsel and provided them with a draft brief opposing those prosecutors' unconstitutional request. Unfortunately, not all providers are as savvy or committed to pushing back against government overreach as is Microsoft. There should be no government-manufactured artificial barriers to the undersigned's ability to learn relevant facts from providers and place those facts before Judge Torres. Experience demonstrates that the United States Attorney's Office for the Southern District of New York cannot be trusted to do so of its own volition.

Second, 18 U.S.C. § 2705(b) gag orders are constitutionally suspect and, at the very least, orders that lift them should be explicit to all involved. Such orders, like all "court orders that actually forbid speech activities," are prior restraints. *See generally Alexander v. United States*, 509 U.S. 544, 550 (1993). Prior restraints are "the most serious and least tolerable infringement on First Amendment rights." *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976). By forbidding speech "because of the topic discussed" (i.e., providers could not inform Project Veritas and its journalists of these government demands for newsgathering materials and privileged

2

communications), the government's gag orders also operated as content-based restrictions. *See generally Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163 (2015). Like prior restraints, content-based restrictions are "presumptively unconstitutional." *Id*. Courts have "almost uniformly found" that 18 U.S.C. § 2705(b) gag orders "are prior restraints and/or content-based restrictions." *See In re Search Warrant for [Redacted].com*, 248 F. Supp. 3d 970, 980 (C.D. Cal. 2017) (collecting cases). The Court's March 10, 2022 Order should be clarified to ensure that confused providers do not continue operating under lifted, as opposed to "modif[ied]," restraint on speech.

## Conclusion

The government's investigation of an abandoned diary is an abomination and a threat to the First Amendment and a free press. The government chose to proceed in secrecy, as aggressively as it does against suspected terrorists, violating its own regulations that require it to "pursue reasonable alternative attempts" and "negotiat[e] with the affected member of the news media" prior to seizing news media records. 28 C.F.R. § 50.10(a)(3). The time when the government could proceed in the shadows has long since passed. Its actions are now subject to judicial scrutiny. The government should not be permitted to take advantage of providers' confusion for its tactical benefit. The Court's March 10, 2022 Order should be clarified so that providers are explicitly informed that:

(1) The gag orders are lifted and vacated in their entirety,
(2) The providers may, and should, provide copies of everything it produced to the government, to Project Veritas, the aggrieved journalists, and their lawyers, and
(3) The providers may communicate freely about this matter with Project Veritas, the aggrieved journalists, and their lawyers.

Respectfully submitted,

CALLI LAW, LLC

By:    /s/
    _____
    Paul A. Calli
    Charles P. Short

14 NE 1st Avenue
Suite 1100
Miami, FL 33132
T. 786-504-0911
F. 786-504-0912
pcalli@calli-law.com
cshort@calli-law.com

*Admitted Pro Hac Vice in Related Matter*

3

                                                Harlan Protass
                                                PROTASS LAW PLLC
                                                260 Madison Avenue
                                                22nd Floor
                                                New York, NY 10016
                                                T. 212-455-0335
                                                F. 646-607-0760
                                                hprotass@protasslaw.com

| Benjamin Barr | Stephen R. Klein |
|---|---|
| BARR & KLEIN PLLC | BARR & KLEIN PLLC |
| 444 N. Michigan Avenue | 1629 K Street, NW |
| Suite 1200 | Suite 300 |
| Chicago, IL 60611 | Washington, DC 20006 |
| T. 202-595-4671 | T. 202-804-6676 |
| ben@barrklein.com | steve@barrklein.com |
| *Admitted Pro Hac Vice in Related Matter* | *Admitted Pro Hac Vice in Related Matter* |

*Counsel for James O'Keefe,
Project Veritas and Project
Veritas Action Fund*

cc:     All Counsel of Record (via Email)